**STATE of Missouri, Respondent,**

v.

**Darius SAULSBERRY, Appellant.**

**No. ED 86587.**

Missouri Court of Appeals, Eastern District, Division Four.

July 25, 2006.

Rosalynn Koch, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Jefferson City, MO, for respondent.

Before NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

## *ORDER*

PER CURIAM.

Darius Saulsberry ("Defendant") appeals from a judgment after a jury found him guilty of resisting arrest in violation of Section 575.150.[1] The jury acquitted him on first-degree assault on a law enforcement officer in violation of Section 565.081.1 and armed criminal action in violation of Section 571.015. The trial court, having found Defendant to be a prior and persistent offender, sentenced him to seven years' imprisonment.

Defendant raises two points on appeal. First, Defendant claims that the trial court erred in overruling Defendant's *Batson* challenge[2] to the State's use of a peremp-

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Equal Protection Clause forbids the prosecutor to chal-

tory strike to remove venireperson Donnie Savage. Second, Defendant claims that the trial court erred in overruling Defendant's motion for judgment of acquittal at the close of all evidence. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 30.25(b).

lenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant. *Id.* at 89, 106 S.Ct. 1712. The error at issue in a *Batson* challenge is, of course,

the State's racially discriminatory use of peremptory strikes in violation of both the accused's and the excluded venirepersons' equal protection rights. *State v. Parker,* 836 S.W.2d 930, 936 (Mo. banc 1992).